O

# United States District Court
# Central District of California

THOMAS ANGEL PEDRAZA,

Plaintiff,

v.

COUNTY OF LOS ANGELES et al.,

Defendants.

Case № 2:25-cv-07013-ODW (PVCx)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PROSECUTION [34] AS UNOPPOSED**

## I. INTRODUCTION

Defendants County of Los Angeles and Robert G. Luna move to dismiss this action for lack of prosecution pursuant to Federal Rule of Civil Procedure ("Rule" or "Rules") 41(b). (Mot. Dismiss ("Motion" or "Mot."), Dkt. No. 34.) Plaintiff did not oppose the Motion. After carefully considering the papers filed in connection with Motion, the Court deems the matters appropriate for decision without oral argument and **VACATES** hearing on August 31, 2026. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons discussed below, the Court **GRANTS** Defendants' Motion as unopposed.

## II. BACKGROUND

On July 8, 2025, Plaintiff initiated this civil rights action against Defendants in the Superior Court of California, County of Los Angeles. (Notice Removal ("NOR") Ex. 1 ("Compl."), Dkt. No. 1-1.) At that time, Plaintiff was represented by Steven C. Glickman and Nicole E. Hoikka of Glickman and Glickman, ALC. (Decl. Michael Malekan ISO Mot. ("Malekan Decl.") ¶ 4, Dkt. No. 34.)

Over the following months, Defendants served Plaintiff with written discovery requests that Plaintiff failed to answer. (*Id.* ¶¶ 6–11.) On January 14, 2026, Plaintiff's then counsel moved to withdraw, indicating that "there has been a complete breakdown in the attorney-client relationship." (Mot. Withdraw 3, Dkt. No. 16.) The Court denied the motion for noncompliance with the Local Rules. (Min. Order Deny Mot. Withdraw, Dkt. No. 17.) On March 2, 2026, Plaintiff's counsel filed a renewed motion to withdraw, noting that "Plaintiff has made no contact with his counsel nor responded to various attempts to contact him." (Renewed Mot. Withdraw 2, Dkt. No. 20.) On March 19, 2026, the Court granted the motion, which resulted in Plaintiff proceeding pro se in this action. (Order Grant Mot. Withdraw, Dkt. No. 21.)

On March 31, 2026, Defendants mailed Plaintiff, at his last known address, a meet-and-confer letter regarding deficiencies in his responses to Defendants' initial written discovery requests. (Malekan Decl. ¶ 19.) Plaintiff did not respond. (*Id.*) On May 13, 2026, Defendants mailed another meet-and-confer letter to Plaintiff via certified mail, but Plaintiff again failed to respond. (*Id.* ¶ 20.) On May 18, 2026, Defendants requested an Informal Discovery Conference ("IDC") before Magistrate Judge Pedro V. Castillo based on the parties' ongoing discovery dispute and the upcoming discovery cutoff deadline. (*Id.* ¶ 21.) Defendants made several additional unsuccessful attempts to reach Plaintiff via mail and telephone. (*Id.* ¶¶ 22–23.)

On July 9, 2026, Defendants attended an IDC before Judge Castillo. (*Id.* ¶ 24.) Plaintiff failed to appear. (*Id.* ¶ 26.) On July 10, 2026, Judge Castillo issued an Order for Plaintiff to show cause why Defendants should not be permitted to move for

sanctions and to explain his failure to meaningfully participate in the discovery process and his failure to appear at the IDC. (*Id.* ¶ 27.) Judge Castillo's order provided Plaintiff with fourteen days to comply, allowing Defendants to move for appropriate sanctions and other procedural measures if Plaintiff fails to do so. (*Id.*) Plaintiff failed to comply. (*Id.*) Consequently, on July 28, 2026, Judge Castillo issued an order regarding Plaintiff's noncompliance and invited Defendants to move for terminating or any other appropriate sanctions before this Court. (Dkt. No. 33.)

Defendants now move to dismiss this action with prejudice for failure to prosecute pursuant to Rule 41(b) or, alternatively, impose terminating sanctions pursuant to Rules 37(b) and 37(d). (Mot. 1, 11.) Defendants noticed the hearing on the Motion for August 31, 2026, at 1:30 p.m. Thus, pursuant to Local Rule 7-9, Plaintiff's opposition brief was due no later than August 10, 2026. C.D. Cal. L.R. 7-9 (requiring oppositions to be filed no later than twenty-one days before the motion hearing). However, to date, Plaintiff has filed no opposition brief.

## III. PLAINTIFF'S FAILURE TO OPPOSE WARRANTS DISMISSAL

Central District of California Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).

Defendants move to dismiss this action with prejudice for failure to prosecute. (Mot. 1, 11.) Prior to dismissing an action pursuant to a local rule, courts must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not

required." *Ismail v. Cty. of Orange*, No. 8:10-cv-00901 VBF (AJWx), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424). In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion, had "ample opportunity to respond," yet failed to do so. *See Ghazali*, 46 F.3d at 54.

Here, Plaintiff received notice of the Motion and had ample opportunity to respond. For example, Defendants timely served Plaintiff with this Motion. (Proof Service, Dkt. No 34.) Additionally, prior to filing this Motion, Defendants attempted to comply with Local Rule 7-3 by mailing correspondence to Plaintiff, at his last known address, advising him of Defendants' intent to seek dismissal of this action pursuant to Rule 41(b) and inviting Plaintiff to confer regarding Defendants' contemplated motion. (Malekan Decl. ¶ 33.) However, Plaintiff failed to oppose the Motion or otherwise respond. Moreover, Plaintiff and his former counsel actively litigated this action until early January 2026, when Plaintiff ceased any contact with his former counsel and stopped communicating with Defendants or otherwise manifesting his intent to prosecute this action. (*Id.* ¶¶ 3–13.) Plaintiff offers no excuse for failing to oppose the Motion, nor has he requested an extension or any other relief. As such, the Court construes Plaintiff's failure to oppose or otherwise respond to Defendants' Motion as his consent to the Court granting the Motion. *See Bradshaw v. Hempstead Union Free Schs.*, No. 2:23-cv-01945-FLA (AFMx), 2023 WL 12143961, at *1 (C.D. Cal. Sept. 20, 2023) (granting the defendants' motions to dismiss as unopposed because the plaintiff failed to file an opposition or any other paper "that could be construed as a request for an extension of time").

Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Defendants' Unopposed Motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss, (Dkt. No. 34), as unopposed and **DISMISSES** this action **WITH PREJUDICE** for lack of prosecution. The Court will issue Judgment.

**IT IS SO ORDERED.**

August 11, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**